**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4460**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAGOBERTO TIZNADO, a/k/a Dago Berto Tiznado, a/k/a Dagoberto
Soriano-Tiznado, a/k/a Walter Soriano,

Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore. Catherine C. Blake, District Judge.
(1:11-cr-00608-CCB-1)

Submitted: May 30, 2013          Decided: June 6, 2013

Before WILKINSON, KING, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Steven H. Jesser, STEVEN H. JESSER, ATTORNEY AT LAW, P.C.,
Skokie, Illinois, for Appellant. Christine Lisa Duey, OFFICE OF
THE UNITED STATES ATTORNEY, Baltimore, Maryland; Roger Kristian
Picker, U.S. CITIZENSHIP & IMMIGRATION SERVICES, Baltimore,
Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dagoberto Tiznado pled guilty, pursuant to a plea agreement, to illegal reentry following a conviction for an aggravated felony in violation of 8 U.S.C. § 1326(a), (b)(2) (2006). The district court calculated Tiznado's advisory Guidelines range as twenty-seven to thirty-three months, imposed an upward variance, and sentenced Tiznado to fifty months' imprisonment. He appeals. Tiznado's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), in which he asserts that there are no meritorious issues for appeal but challenges Tiznado's sentence. Although advised of his right to file a supplemental pro se brief, Tiznado has not done so. Finding no error, we affirm.

We review the district court's sentence, "whether inside, just outside, or significantly outside the Guidelines range[,] . . . under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). This standard of review involves two steps; under the first, we examine the sentence for significant procedural errors, and under the second, we review the substance of the sentence. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (analyzing Gall, 552 U.S. at 50-51). Significant procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory,

2

failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51. If there are no significant procedural errors, we then consider the substantive reasonableness of the sentence, tak[ing] into account the totality of the circumstances." Id.

When the district court imposes a variant sentence, we consider "whether the . . . court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007). Such a sentence is unreasonable if the district court "provided an inadequate statement of reasons or relie[d] on improper factors in imposing a sentence outside the properly calculated advisory sentencing range." Id.

At sentencing — after properly calculating Tiznado's Guidelines range, hearing argument from counsel, and giving Tiznado the opportunity to allocute — the district court concluded that an upward variance under § 3553(a) to fifty months' imprisonment was necessary to comply with the purposes of sentencing. In reaching this conclusion, the court properly considered Tiznado's history and characteristics and the need for the sentence to afford adequate deterrence, 18 U.S.C.

3

§ 3553(a)(1), (2)(B), making note of the fact that Tiznado was a repeat offender despite his prior forty-six month sentence for an identical offense and his promise to the court at the time of his sentencing for the earlier conviction that he would not return to the United States. The district court's consideration of relevant 18 U.S.C. § 3553(a) factors and articulation of the reasons warranting an upward variance from the Guidelines range support our decision to defer to the district court's determination as to the extent of the variance. United States v. Diosdado-Star, 630 F.3d 359, 366-67 (4th Cir.) (affirming substantive reasonableness of variance sentence six years greater than Guidelines range because sentence was based on the district court's examination of relevant § 3553(a) factors), cert. denied, 131 S. Ct. 2946 (2011); see also United States v. Angle, 598 F.3d 352, 359 (7th Cir. 2010) ("All that matters is that the sentence imposed be reasonable in relation to the 'package' of reasons given by the court.").

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. Counsel's motion to withdraw from representation is denied. This court requires that counsel inform Tiznado, in writing, of the right to petition the Supreme Court of the United States for further review. If Tiznado requests that a petition be filed, but

4

counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Tiznado. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED